Timothy M. SIZER, Plaintiff–Appellant,

v.

Carolyn W. COLVIN, Acting Commissioner of Social Security, Defendant–Appellee.

No. 14–980.

United States Court of Appeals, Second Circuit.

Feb. 6, 2015.

Justin Goldstein, Law Offices of Kenneth Hiller, PLLC, Amherst, NY, for Appellant.

Joshua L. Kershner, Special Assistant United States Attorney (Stephen P. Conte, Regional Chief Counsel, Region II, Office

of the General Counsel Social Security Administration, on the brief), for William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY, for Appellee.

PRESENT: DENNIS JACOBS, RICHARD C. WESLEY, SUSAN L. CARNEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Timothy Sizer ("Appellant") appeals from a judgment of the United States District Court for the Western District of New York, affirming the Commissioner of Social Security's denial of his application for social security benefits. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Appellant principally challenges the Administrative Law Judge's ("ALJ") residual functional capacity ("RFC") determination that Appellant was capable of performing sedentary work, as defined in 20 C.F.R. § 416.967(a), with additional, enumerated limitations.[1] This determination was based on the medical opinion evidence, the objective medical evidence, and Appellant's testimony at the ALJ hearing. The ALJ properly accorded "little weight" to the non-specialist medical opinion of Appellant's treating physician because it was inconsistent with "other substantial evidence in the case record" and, therefore, undeserving of "controlling weight." *See* 20 C.F.R. §§ 416.927(c)(2); *Halloran v. Barnhart,* 362 F.3d 28, 32 (2d Cir.2004) (per curiam). The Commissioner's decision applied the appropriate legal standards and is supported by substantial evidence in the administrative record.

We have considered all of Appellant's remaining arguments and find them to be without merit. Accordingly, for the reasons set forth above, the judgment of the district court is **AFFIRMED**.

---

1. In reviewing a denial of social security benefits, we conduct "a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Shaw v. Chater,* 221 F.3d 126, 131 (2d Cir.2000). Genuine conflicts in the medical evidence are for the Commissioner to resolve. *See Burgess v. Astrue,* 537 F.3d 117, 128 (2d Cir.2008).